The next case on the morning docket is 519-0327 Hartz v. Brehm Preparatory School, Inc. Counsel ready? You may proceed when ready. Good morning, Your Honors. May it please the Court, Counsel, I'm Brian Smith and I represent Brehm Preparatory School, Dr. Brian Brown and Dr. Richard Collins. I'm going to start with jurisdiction to explain how we're here before we get to why we're here. This is an interlocutory appeal under Rule 307-A1. We're here because it is well settled that an order of the circuit court to compel or stay arbitration is injunctive in nature and subject to interlocutory appeal under 307-A1. That concept was affirmed by this Court as recently as last year in the case of Ward v. Hilliard, which was cited in our briefing. In relying on Ward, the First District, also last year in Siena and Old Orchard Condominium Association, found that an order denying a motion to dismiss a complaint on the basis of an arbitration clause is an order denying an injunction for purposes of Rule 307. And this makes good sense. As this Court stated in the Sturgill case in 2016, also cited in our brief, a motion to compel arbitration is essentially a 2619-A9 motion to dismiss or stay in action in the trial court based on an affirmative matter, namely the exclusive remedy of arbitration. And that's exactly what we have in this case. The defendant's motion, 2619 motion, was based wholly on an arbitration clause contained in the enrollment agreement between Plaintiff Cynthia Parks and Defendant Bremen Preparatory School. The plaintiff attempts to draw a distinction that the motion is not a title of a motion to compel arbitration. This type of form over function argument has been rejected by reviewing courts over and over again because, as the plaintiffs point out on page three of their motion to dismiss for lack of jurisdiction filed in this court, quote, to determine what constitutes an appealable injunctive order under Rule 307-A1, a court must look at the substance of the action, not its form, end quote. And the substance of the action filed by the defendants is a motion to dismiss based wholly on an arbitration clause. And if that were not enough, both the defendant's original memorandum of law supporting their original motion to dismiss, and I'm referring to C45 in the record, as well as their reply to the plaintiff's response filed in the circuit court at C115 and 116, clearly shows that the defendant's position all along has been that the plaintiff's grievances must proceed to arbitration. So the substance of the defendant's motion couldn't be clearer. And, therefore, there is jurisdiction under 307-A1 to be here today. The plaintiffs contend we don't cite an Illinois case on the issue. They're wrong. We cite CNN. We cite Ward and Sturgill. We cite a Supreme Court case, Salsitz v. Crease, and a couple of other appellate court decisions, Zurich American Insurance and Midland Fund, all standing for the same proposition, that jurisdiction is proper under 307-A1. It's the plaintiffs who fail to address this long line of cases. And, instead, they offer two Missouri cases, one of which has no applicability at all, the Clayton Construction case. In that case, the defendants specifically disavowed the entire contract, and the plaintiffs in this case ignored a very lengthy discussion in that decision about substance over form when analyzing a motion to dismiss based on an arbitration clause. Cohen v. Blockbuster has no applicability either. And, again, Cohen v. Blockbuster says the courts look to the substance, not to the form. So jurisdiction is clearly proper in this case. Now, a word about mootness. The plaintiffs raised the issue of whether this appeal is mooted by their First Amendment complaint. And, at first glance, their argument seems to make a little bit of sense, because they did file a First Amendment complaint, and this motion to dismiss was attacking the original complaint. But the law and the facts of this case trump that first glance, and here's why. A case on appeal becomes moot where the issues presented in the trial court no longer exist, because events subsequent to filing of the appeal render it impossible for the reviewing court to grant the complaining party effectual relief. Well, we don't have that here. Why not? I'm sorry. Why not? The First Amendment complaint, because we have the same issue, and we have the same ability for this court to give effectual relief, the First Amendment complaint is word-for-word identical in the facts common to all counts. It is word-for-word identical in counts 1 through 6. So, in other words, the First Amendment complaint contains in its entirety the original complaint. It is based on the same enrollment agreements, word-for-word, that contains the same arbitration clause, word-for-word. So the issue, and the only issue that was before the court in the defendant's motion, and we'll get into that a little more later, was whether the arbitration clause is valid and enforceable. That issue does not go away by virtue of their First Amendment complaint, because the First Amendment complaint, again, word-for-word identical. The issue remains, is the arbitration clause valid and enforceable? And so this court still has the ability to give effectual remedy for the defendants, because if the answer to that question is no, then there's no reason to come back here in a year after arguing the identical issues in the circuit courts in order to get to the heart of the matter. There's a bit of a judicial economy argument, if nothing else, because we will be back here in a year litigating these very same issues. That presumes we agree with you that the arbitration clause in this motion constitute a proper interlocutory appeal. That's correct, Judge. Well, and let me say this. The cases support us being here. If there is any doubt about that, and it's in the briefs, the defendants have filed their motion attacking the First Amendment complaint. It's based wholly on the arbitration clause. And just to avoid the procedural wranglings that the plaintiffs have raised here, we have titled it and have asked for dismissal and to compel arbitration. In response to the amended complaint? That's correct. That's correct, Your Honor. So getting to the heart of the matter, unless there are other questions on jurisdiction or mootness, I'm happy to address either one of those. I'm sure that Farrell will ask. Okay. Not right now. As it relates to the arbitration clause, we first have to look at what was the circuit court's role when the defendants filed their motion to dismiss. And when the circuit court considered the defendant's motion, that inquiry should have been limited to whether the arbitration clause is valid and enforceable. Anything beyond that is beyond the scope of the circuit court's authority. And here's why. A challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator. That's a Fifth District decision, Best v. Direct TV from 2008, citing the United States Supreme Court decision. So the first problem out of the gate with the circuit court's ruling is that it went far beyond its role and invalidated not only the arbitration clause, but the entire agreement itself on the basis that it is purportedly substantively unconscionable. Why is the circuit court so— Do you know what the line of U.S. Supreme Court cases are that support your position? I'm sorry, the United States Supreme Court decisions? Yes, there's a line of U.S. Supreme Court cases that divide out whether you look at the contract as a whole versus a piece of the contract. Green Tree Financial, for example, are you aware of any of those cases? Aware of them inasmuch as they have been—that analysis has been adopted by the Fifth District and other appellate court cases. I didn't see a discussion of the very fine line that's drawn by the United States Supreme Court on how to approach the arbitration clauses. For example, the challenge to the contract as a whole must go to the arbitrator. That's clearly set out in the United States Supreme Court cases, but then there's a different line of cases that looks at the arbitration clause itself. Have you—any information you can give me today on that? I apologize. There is not a lot of discussion, you are correct, in either brief of United States Supreme Court decisions. We limited our discussion to how the Illinois Supreme Court and appellate courts have applied. Well, we've adopted the U.S.—obviously, we've adopted the U.S. Supreme Court case. I think Buckeye check cashing, for example, it is noted in the brief. That's right, and that is the one that is cited in BESS versus DREC TV. That is the one, and Buckeye clearly sets forth the role of the circuit court. Yes, yes, and as adopted in the other cases that we have cited, which I believe I'm on safe ground saying that they are consistent with the Supreme Court's jurisprudence in that area. Okay, but just as you go through your analysis, you recognize that there's two paths to travel, but they are very close. They're not necessarily parallel, but they're very close as far as what the circuit court can do and what the arbitrator can do, right? Yes, absolutely, you're right. All right, go ahead and proceed. I just want to make sure that we all understand that this is a tough and sticky one. Sure, and I believe a little bit of that, that the closeness of the path is a little obviated by there's no substantive unconscionability, and I'll get to that in just a moment. The reason that a plaintiff, and this is Jensen, this is Illinois Supreme Court, Jensen versus Quick International. The reason that the analysis has to be limited to the arbitration clause alone is that Illinois public policy favors arbitration as a means of resolving disputes, and allowing the party to seek to avoid arbitration by merely alleging contract didn't exist would undermine that policy. And that's the effect, the net effect of the plaintiff's argument and of the circuit court's ruling, and that is the plaintiffs are doing an end run around the arbitration clause. And that's exactly what Jensen says you can't do because it flies in the face of Illinois public policy. Is the arbitration clause valid and enforceable? So putting a pin for a moment in the issue of the circuit court's authority, is the arbitration clause valid and enforceable? The circuit court said no, and it found that on the basis of substantive unconscionability alone. And the reason the circuit court found substantive unconscionability was a perceived lack of mutuality of obligation to arbitrate under the arbitration clause. Now, this interpretation is contrary to the plain language of the arbitration clause, which requires any dispute, controversy, or claim arising out of or relating in any way to the agreement to proceed to arbitration. The arbitration clause specifically applies to the parties to the agreement. I cited the entire arbitration clause in the brief and highlighted where it says the parties shall this, the parties shall that. The circuit court made much of one phrase in a completely different section of the agreement. So it went beyond the arbitration clause, and the clause is referred to as section 11 in the briefs. Section 11 of the agreement is essentially a provision where a branch can recoup attorney fees and costs enforcing the judgment. That's essentially what it says. There is one phrase that says, in addition to all other rights and remedies available at law of foreign equity.  And that is the phrase that the circuit court hung its hat on and found, based on that tiny clause, that the rest of the arbitration clause doesn't matter at all. Excuse me. I misspoke. That the arbitration clause doesn't matter at all because that phrase isn't even in the arbitration clause. So essentially what the circuit court did was they ignored the specific provision in the agreement about arbitration, and they went to a more general provision, which really doesn't even talk about arbitration, and then obliterated the specific provision. Obliterated it. You know, you just made the argument that the court deemed this substantively unconscionable, right? Yes. That's not what the order says, though. The order says that the agreement is unconscionable. So we don't know from the circuit court's order whether they made a finding of substantive and procedural or just substantive or whatever. Okay. I'll get the hat back. Okay. I see. I see. Okay. I see where they say it's substantively unconscionable in one section, but in another section it says unconscionable. True. And what we would contend is the only finding is a perceived lack of mutuality of obligation. That is a substantive unconscionability finding. Well, it says it allows Brim to litigate but does not require – it allows Brim to litigate claims but requires parents to arbitrate claims. So now we have, in essence, if we want to read it that way, a procedural problem in that the procedure is Brim Preparatory School can litigate, but the parents are stuck with arbitration. Wouldn't you say that's a procedural issue? As it relates to procedural unconscionability, no, Your Honor. Procedural unconscionability has to do with formation of the contract and whether they understood and whether it was conspicuous. That's procedural unconscionability. You're not wrong when you say that there is procedure, technically, as a result of the perceived lack of mutuality of obligation, but that's not the type of procedure that is defined as procedural unconscionability. Those are substantive unconscionability questions. Okay. And so in terms of substantive unconscionability, that's the only finding – you're correct, Judge – that the circuit court found, that Brim gets to litigate anywhere they want and parents like Cynthia Harp don't – they have to go to arbitration. We disagree with that reading. We believe that the plain language of the arbitration clause says both parties have to submit to arbitration. But nevertheless – Where do you think the circuit court got that finding then? The circuit court found that finding, again, from one portion of Section 11, not the arbitration clause. The one about attorney's fees. The one about attorney's fees. That's right. So at a minimum, it can't be right to say that Brim never has to go to arbitration. I mean, maybe over attorney's fees and costs if you want to stretch it out that much, but I think that the real heart of this matter is regardless of whether the plain language says that there is a mutuality or a lack of mutuality of obligation to arbitrate, it really doesn't matter because the case law is clear. Where an arbitration clause, even if not met with a reciprocal promise to arbitrate by the other party, is nonetheless supported by consideration, the arbitration clause is enforceable. And that's the Illinois Supreme Court in Carter v. SSC-Odin operating. The defendants cited that Carter case. We cited a case called Bishop v. We Care Care Development and a case called Tortorella v. Gerald Nissan. All of those cases stand for that same proposition that where there is consideration, there need not be a mutuality of obligation to arbitrate. But plaintiffs don't counter this. Instead, they give up the ballgame on page 26 of their brief when they say they do not dispute that where there is – where an arbitration clause is contained within a larger contract, mutuality of obligation regarding arbitrability is not required where the contract as a whole is supported by adequate consideration. Their only argument is, well, we allege that there's not a – there's not an agreement. The agreement's not valid and enforceable, and therefore, the arbitration clause can't be valid and enforceable. And that's the same type of in and around that the Illinois Supreme Court says that you can't do. And that's really their only argument because what we have here is an arbitration clause contained in a broader agreement where there is consideration. That means that the – there is no substantive unconscionability. There can't be a substantive unconscionability. Even if there is a lack of mutuality, even if Brennan can litigate wherever it wants and the plaintiffs are forced to go to arbitration, so long as there's consideration for the broader agreement, then the arbitration clause has to be valid. And the plaintiffs in their brief, in their response brief, bring up for the first time – they start to attack the consideration. And this is a nonstarter. We're taking their well-pled facts as true for purposes of our 2619 motion. Their well-pled facts are that Cynthia Hartz asked for a copy of the agreement that Brehm provided it about a month before it was entered into. That Cynthia Hartz reviewed it. That Cynthia Hartz had some problems with it. We don't know what they were because it's not in the complaint, but she had some problems with it. Asked Brehm to negotiate. Brehm said no, and she entered into the agreement. Those are the undisputed facts, the well-pled facts that we're taking as true. There is nothing in the complaint, original or otherwise, suggesting that there was a problem with the consideration. What the plaintiffs' sort of argument in their brief is, well, it wasn't the promise to house and educate L.R. for money, because that's the transaction in the agreement. Hartz pays money. Brehm provides education and housing. Furthermore, the well-pled facts establish that that's exactly what happened. Hartz paid money, and Brehm provided housing and education for at least several weeks until he was expelled pursuant to the agreement. So there really can't be any argument about the consideration. It's an 11th-hour argument. It's not in the complaint anyway. But I would suggest to this Court that consideration is fine. It's never been attacked here before. And since there is consideration for the agreement, it cannot be substantively unconscionable. Didn't the plaintiff have questions about the contract? And wasn't it alleged that she was informed by one of the agents of the school that something affected her gift to have you on the barrel? Those are the allegations. Can I answer your question? Yes, you may. Okay. Thank you, Judge. That is the allegation, yes. And what that would go to is procedural unconscionability, which we talked about a moment ago. Here's why it's not relevant here. Number one, the circuit court didn't find any procedural unconscionability. And number two, to the extent it is relevant, the other well-pled facts establish there was no procedural unconscionability as a matter of law. It's a legal question. And you take the well-pled facts that say that she earned into a valid and enforceable agreement after having a month to review it, after having the opportunity to negotiate it, and then having thought about it for 24 hours after she was told there would be no revisions to the agreement. She is tasked, pursuant to the Supreme Court in Molina v. Anheuser-Busch, she is tasked with knowledge of the agreement. That is the heart of procedural unconscionability. So even though it's not relevant in this analysis, even if it were, the plaintiff's well-pled facts clearly establish there was no procedural unconscionability in this case. But you're talking about the well-pled facts as it relates to the original complaint. Yes, Your Honor. And one of the exhibits that's before us is count eight of the first amended complaint, which alleges procedural unconscionability. You don't want us to consider that, right? Because you're saying that everything in the first amended complaint or in the original is the same today in the first amendment. But that's really not true. Your Honor, the factual basis is identical. I understand the factual basis, but the allegations that incorporate those factual basis are now more well delineated in subsequent counts other than one through six. So, Your Honor. I mean, do you agree that there are additional counts? I agree there are additional counts. Sure. And that those now allege the procedural unconscionability? Yes, I do. And I would go, again, to the well-pled facts. The facts on the whole count to say that as a matter of law, it's not procedurally unconscionable. And so when we're – Okay. Well, you've answered my question. But you'll be given a few more minutes, and you're brought up to speak to these questions. I'm sorry to cut you off. That's okay. Thank you, Your Honor. I apologize. Okay. Plaintiff. Yes, Your Honor. Sorry, I don't have much time. No problem. You'll be given a couple extra minutes because we went over. Okay. Thank you, Your Honors. And may it please the Court. My name is Joe Bochesky, and I represent the Plaintiff Appellees in this case, Cynthia Hartz, her husband, Jim Ritchie, and their minor son, L.R. And I kind of wanted to touch on what Justice Sotomayor said. And I think Justice Wharton had asked at the very end about some of these questions about contract formation because I think they go at the heart of this case with regard to procedural unconscionability and the facts. Now, my client sought out a school in the Midwest to help educate their child that has a number of disabilities, including learning disabilities. He has autism. He has ADHD and all these problems. And Brown is a school that holds itself out to the general public as being the only place in the Midwest that can handle a child such as him. Now, their mom was desperate. She contacted them, set up a meeting, and after they met with the child, they said, he is a fit for our program. He's our kid. So she wanted him in the school. She asked for the agreement. She realized that it was unfair, but she tried to negotiate with them, and they strung her along. And then she comes to move-in day after they've told her multiple times that she has to discuss this with the director, Dr. Brown, and she's told, you either sign this or you take your disabled child back home to Ohio, after he was all excited about going to a new school. And then the comptroller at that point admits to her, they have parents over a barrel with this agreement. See, the problem with this whole scenario, Your Honors, is that the court has never addressed the procedural unconscionability argument and that point that Justice Cates had made. And we added it to our amended complaint because initially, it was my thought process that procedural unconscionability is a defense to a contract. It's not really a cause of action. But we added it because this had not really been addressed. And that's really the fundamental problem with this appeal. It's not necessarily jurisdiction. The problem is, as Your Honor mentioned in the Sturgill case, there's never been a substantive disposition in this case to analyze the issues about the arbitration clause and to go through all of those in analyzing whether or not this arbitration clause is truly enforceable. Now, counsel mentioned some of the issues about, well, contract defenses as defenses to the contract as a whole are not applicable and you shouldn't be raising those at the initial level. Well, we haven't in our brief. There's a multitude of other issues that we've raised, such as the fact that there's unenforceable penalties in the agreement, the fact that if the parent defaults on the agreement, Brent can kick the kid out for any reason whatsoever, and they keep all the $77,500 in tuition that the parents have paid. And the parents have no recourse other than to arbitrate the claim. They never did their day in circuit court, and a case like this, especially with our client, is appropriate for that. So... Go ahead. And that's why I was waiting to ask the question. The claim that you've added to the first amendment complaint, I think unjust enrichment and it goes right to what you're just saying. They make him leave. They keep the money. And you're saying that all falls within the arbitration clause and that's not proper, correct? Well, not necessarily, Your Honor. I guess my point would be, while we have added those claims as a defense to the contract as a whole, they also apply to the arbitration clause. So yes, in one way or another, not necessarily unjust enrichment count, but if we look at what the Supreme Court discussed in the Kingpol v. City of the Wireless case, which is a key case to this entire issue, which is cited by this court in Best v. Direct TV, the key issues when you're analyzing an arbitration clause and whether or not it's enforceable, you look at both procedural and substantive unconscionability when you're determining whether or not to enforce arbitration, not the contract as a whole. And one of the things that they talked about in Kingpol was the fact that it's a totality of circumstances analysis. And this court has never done any factual hearing. All we had was the hearing on your motion to dismiss. And if anything, Your Honors, which has never been responded to by the other side, this is a contract of adhesion. And that's what they talked about in Best v. Direct TV and in Kingpol as one of the key components to procedural unconscionability, a contract with a person in poor bargaining position, which is exactly what we have here, that's basically told, you either sign this or leave it. I mean, those were the exact words from the school to her. I mean, how can it be any more of a definition of a contract of adhesion in this situation? And the court has never analyzed that. Judge Salverson did rule the clause to be substantively unconscionable. But if this court's really going to analyze everything and determine as a matter of law whether arbitration should be mandated, that's one thing that really needs to be in the analysis as Kingpol pointed out. One of the things that concerns me, you have pled procedural unconscionability. I've never seen that as a cause of action. It's a defense under 2-619A9. Why wasn't it raised in the trial court? Did you allow the other side to kind of dictate the discussion? And it wasn't raised? I don't understand why it wasn't raised at all. It's an excellent question, Your Honor. It was raised in all of our motion responses. And this was actually something that I've been thinking about from day one since I got this case. Because my thought process was we need to assert that they breached the agreement. We needed to assert that the agreement was unenforceable. And then when they raised, no, the agreement is enforceable as their affirmative defense, then I think unconscionability is an affirmative defense to their defense. Now, at least that was the analysis that I kind of took from it. Now, we have raised it in our motion responses. It's been something that was discussed from day one. But as Your Honor pointed out, it's not really necessarily a cause of action. Now, we added it to our amended complaint because of all these issues coming up. And Judge Salverson had mentioned, well, why wasn't this raised initially? But like Your Honor pointed out, it's not really a cause of action. It's really more of a defense to the agreement. And so that was how we had to try to get it into the pleadings. Because even the Kinkle case that discusses this, it's hard to really know how they raised it. It's hard to know, well, did they argue that the state of the contract was invalid? Or did they just file a claim for damages? And then the defendants came back and said, no, you have to arbitrate this. And then it seems the appropriate time for them to say, no, this is unconscionable. This needs to be a case in equity where we determine a fair sum to pay the family back, at least to reimburse them for what they've paid. The recent line of federal cases, though, seems to look at, and maybe there's some in Illinois you have or have not cited, they seem to look at the four corners of the contract. And looking at the four corners of the contract, they then look at whether there's a notion of fairness in the contract. That is, who pays for what? Like in the insurance industry, they're looking at, okay, who pays for the attorney fees? In the cell phone cases, they're looking at that. Who pays for the arbitration costs? Things of that nature are being looked at to determine the fairness of the arbitration agreement. Sure. What is there in this contract, in the four corners of the contract, that you can point to that would say there's a lack of fairness other than they get to keep all the money? Okay. Well, specifically, Your Honor, it doesn't really say in the agreement who pays for arbitration. That's not really spelled out in the agreement. But I think the one thing that... About the process. Well, the process, I think, and that's what the court touched on with this lack of mutuality, is the fact that they forced parents to arbitrate the claims, but then Brent can turn around and if somebody doesn't pay under the agreement, they can sue them in a court of law. Now, I know counsel pointed out that that was just an attorney fee provision, but if we actually read the language of the provision, it actually states in it, in the event parent defaults on any obligation pursued in this agreement, it goes on to say, Brent is required to employ the services of an attorney due to the default, quote, in addition to all other rights and remedies available at law or in equity, they shall be entitled to their attorney's fees, cost of litigation, cost of collection, including attorney's fees incurred in efforts to collect, and the key word, judgment. A judgment is not awarded by arbitration panel. It's an award. A judgment is what you obtain in court. So in this situation, Brent can file a claim against the parents if they don't pay, but if the parents come complaining, no, you have to go to arbitration. And what page of the record are you looking at? Your Honor, I apologize. I do not have the citation to the record. It is on... What section of the arbitration panel are you reading? It is section 11, paragraph 11. Under the breach of contract? Correct, Your Honor. 840 for the record. It's mine, anyway, in the appendix. Okay. The other problem... So that's one example that you can give within the four corners of the contract that speaks to parents on the procedural side. Correct, Your Honor. But I think, you know, getting back to kind of what I think the key issue here is... I'd like you to speak about another aspect. Sure, Your Honor. And that the school sets parameters of when a kid is going to be dismissed. Correct. And they have sole discretion. And it seems to me, after reading the contract, not definite. They have, as I said, a great deal of discretion to decide when they are going to say, this is enough, come get your kid. Exactly. To trigger the possibility of having to consider the arbitration cost. I just thought that that was a little bit onerous. It is, Your Honor. It's an excellent point. Because in the agreement, it specifically says they may dismiss a student for the following reasons, but it says they're not limited to those reasons. So, and that's the other part with mutuality. Now, counsel has brought up that, well, if there is a lack of mutuality, that's okay on arbitration, as long as there's consideration for the entire agreement. But herein lies the problem. This agreement is illusory. The definition of an illusory contract is that one party has promised to do something, but in essence, they haven't really promised to do anything at all. They can kick them out for any reason at any point, and they keep the money. They keep the benefit of the consideration, but their part of the consideration, which is the agreement to house and educate the child, we don't have to do that. We can kick them out. And that's, by definition, a lack of consideration. And so, what I think is interesting, too, is they kind of talk out of both sides of their mouth. They say, well, we need to only look at the arbitration clause when we're making this determination. But then they want us to look at the entire agreement when they're talking about what consideration there is for it. Well, if we just look at the arbitration clause in a vacuum, there is no consideration for that. What do you think the rule is with regard to construction of the clause itself? Who gets to decide whether the arbitration clause is enforceable? The circuit court, Your Honor. And who gets to decide whether the contract as a whole is enforceable? Well, that goes to the arbitrator. When we talk about the contract as a whole, we're talking about the entire agreement. That's correct, Your Honor. Okay, so you agree that if we're just confining our view to this arbitration clause, paragraph 19, that it was correct for the circuit court to determine whether that was enforceable. I agree, Your Honor, because we've cited multiple cases, and I cannot remember the exact citations off the top of my head, but there's multiple cases that talk about when you're, and even Kinkle, when you're talking about the arbitration clause, you don't just look at it in and of itself. You are just confining your interpretation to whether it's enforceable, but you still have to look at it, as Your Honor pointed out, in the confines of the four quarters of the agreement. My concern about that is when Justice Wharton asked you about didn't the parents have this problem and didn't the parents have that problem, I mean, I don't know how you reach beyond the four corners of the contract to get a parole evidence. How do we do that? Well, as Kinkle discussed, Your Honor, you look at the totality of the circumstances in procedural unconscionability analysis. In that case, they specifically talk about that you go through all the facts in contract formation, which is everything that I was discussing with Justice Wharton. And the problem is, as Your Honor pointed out in your opinion, in Sturgill, the court has to go through this substantive disposition process under the Illinois Uniform Arbitration Act, Section 2A, and including in that is factual findings. So it's not really, that includes parole evidence in the sense that it has to discuss, the court has to analyze the facts that go into the formation of the agreement in analyzing procedural unconscionability. So in that sense, they have to, and that's really the main reason that this case is premature for this court to address. We need to have an evidentiary hearing where Judge Salverson analyzes a multitude of things. Procedural unconscionability, do we have that? The substantive unconscionability issue that we've raised regarding the lack of consideration. Another one that's very important and mentioned in the Sturgill decision is the court is supposed to determine which of the claims in the complaint apply to arbitration and which do not. In this case, that has never been determined. And we have tort claims on our case regarding professional negligence in which we've asserted that the professionals at Brown failed to properly analyze whether L.R. was a fit for their program. And they did so negligently to his detriment because they kicked him out after only 50 days of the program. And as we've alleged, he suffered emotional damages and other problems with that because he's had a... Are you saying that's a malpractice claim? In essence, Your Honor, it's a professional negligence. But I didn't see any affidavits attached to that or anything that would support a medical negligence claim. It's not a medical negligence claim, Your Honor. So it wouldn't be a 622 issue, I don't believe. It would be a situation to where it's a professional negligence like an accountant or someone like that. These folks are in a highly specialized trade where they instruct and help children that have specific disabilities in terms of learning disabilities and other things like autism. And in that situation, it's our position here, we haven't gotten this far, that they have a standard of care that they must follow just like any other professional trade, not necessarily a medical trade, in which they should avoid unreasonable injury to someone by failing to properly assess them in the situation. But, Your Honors, the other thing that the court really... I think I've pretty much analyzed all the issues that I really wanted to talk about here today, but I think the fundamental thing is... I'm sorry, Your Honor. I just want to follow up on a few of your issues, if I could. In the arbitration agreement, it says that you have to give notice of the problem. Was that done here? Notice of? You mean in terms of? That you have an issue that... In the event of a dispute, controversy, or claim arising out of or relating in any way to the agreement, the complaining party shall notify the other party in writing. We have, Your Honor. You did that originally? We made settlement demands on them to pay a fair number. Before you filed the complaint, did you make a notification? We informed their counsel that we had problems with the issue with them not refunding our money, yes, Your Honor. But to follow up, are you asking whether or not Brim gave your client notice that there was an issue with the child and allowed maybe some back and forth to try to determine what the issue was and how to maybe cure it and maybe to make sure the child maybe got to stay to continue there? I'm misunderstanding. I'm not trying to speak for justice. No, no, that's a very good question. I'm misunderstood. No, no, you understood mine correctly. He's doing the converse. Judge, I don't think that's really been teased out very much yet in the case. My understanding is my client came to a celebration they were having at school. I think it was parents' weekend. And granted, this isn't in the record. My understanding is she was taken aside and told, your child's not fit, he's going to have to leave this weekend. And I don't mean to cut Justice Cates off this. You and Mr. Smith have done enough motion practice in front of me in the circuit court to know one of my big questions whenever you all start an argument, that's what I'm going to ask now, it goes back to what you just said a moment ago about the appeal being premature. At the end of the day, what is it you're asking this court to do with this case? There's a lot going on with it. Sure, sure. Excellent point, Your Honor. So what is it you're asking that we ultimately do? Your Honor, to be honest, Your Honor, I think the best thing for us would be the court simply to agree with Judge Stopperson that the arbitration clause independently is unenforceable. But I don't think that the implementation is. I don't know how we can do that. I agree with you, Your Honor. With existing Illinois law that says, and correct me if I'm wrong, I mean, you know, it's been a couple of years, but is it still Illinois law that in order to invalidate an arbitration clause it has to be both procedural and substantively unconscionable? Actually, it can't go, Your Honor. They refuse that. They said that previously the law was that. Okay. But what they kind of talked about is kind of this balancing approach was that. Kinkle was a wrongful death case. Isn't that? No, Kinkle v. Sigler was a case. That was a wireless case. Well, a wireless contract. And the issue there was whether or not a class action waiver in an arbitration clause was enforceable. And one of the things they talked about at Kinkle when they were going through procedural and substantive unconscionability is they pointed out that previously Illinois held that you had to have both. And that was Justice Donovan, I believe. I think you're right. Isn't that in Best? Best v. DirecTV, I thought, is the one that said that. But go ahead and tell me why Kinkle changed his mind. Kinkle basically said that you didn't necessarily have to have both. If one was strong, one was very strong versus the other. But at least you have to have a discussion. Exactly. I mean, that's my problem with this case as it's presently before us, is I don't see anything procedural. No discussion, at least. And I think you hit the nail on the head, Your Honors. I was talking about the thing that helped my client the most. But I think in terms of the law, I think this case needs to go back. Judge Sollerson needs to have a substantive disposition. We need to have some discovery to determine these facts regarding the procedural unconscionability. And then the court needs to, as Your Honor pointed out in the Sturgill case, have that order where they have factual findings with legal basis on all these issues that we've raised. And that's the only way that I think this court is in the possibility where they can decide this issue. Do you think this court has the ability to look at the arbitration cause independently? No, I haven't. Or do you think it has to go back on your First Amendment complaint that was granted? I think it has to go back because of what Section 2A of the Arbitration Act says. And granted, I haven't seen a case where the appellate court just independently found the arbitration clause unenforceable based on what was before them. So you think that a remand is necessary? I believe so, Your Honor. And would the remand include a hearing on your First Amendment complaint, then? Which was filed, I assume. It was. And I think, in essence, it's moved because it's been withdrawn with the filing of the motion for leave, which was granted in our Second Amendment complaint. So I think it would need to be on our First Amendment complaint. That's what I'm asking. You were allowed to file an amendment. Correct. As part of the order. Correct. So we, as Justice Spooley is pointing out, I'm trying to figure out what you're asking for. Your Honor, I see my time is up. Your final time. Okay. But since we're asking questions, we get to do this. Sure, sure. I don't get to get in the middle. So what you're saying is that that portion of the order granting the amended complaint wouldn't be touched because you've already filed. But that portion of the order that talks about the arbitration clause, you would want vacated and a remand for further discussion by the circuit court. Well, Your Honor, I would think that we need to go ahead and proceed with the amended complaint that's already been filed because they've already filed a motion to dismiss and mandate arbitration. So, I mean, really, in essence, I don't think it really matters as long as the court has that discussion. And I think regardless of what our amended complaint says, the court still has to have that substantive disposition to analyze all these issues that we've brought forth. Okay. Anything else? I don't know if I have a clear understanding of actually what my question was. But we'll figure that out. Thank you very much. Thank you. Okay, Rebuttal. Arbitration cases are very difficult. They require a lot of consideration. So that's why we go over. I apologize. Yeah, no problem. I'm going to ask you a question right off the bat. Yes, please. You know, I'm looking at this arbitration clause. And tell me from the arbitration clause itself, in the event of a dispute, it does have a 30-day requirement for notice. Within 30 days of the notice, the party shall attempt to resolve the dispute in good faith. What does that mean? What's the structure for that? I don't know that there's specific structure beyond what you just read. Well, but what does that mean? I mean, somebody hired a mediator, it's a third party. What do we do in this case? Well, I can tell you, and I'll have to deviate a little from the record to tell you what happened in this case, but it was. No, I'm only looking at the language of the clause. Sure. What does that mean? Is there any definition anywhere else in the content? I don't believe there is. What page are you on there? I'm on 841, page 9, if you want me to. Thank you. It's paragraph 19. And then it says, should the dispute not be resolved within 30 days after such notice, which I thought the 30 days of the notice was an attempt to resolve, but then it says within 30 days after the notice. It doesn't say within 30 days of resolving the dispute. It goes back and it talks about the notice, so it's very confusing to me, but it says within 30 days of the notice, the complainant party shall seek remedies exclusive to arbitration. So who pays for the arbitration? Well, there became an issue about the. . . Where does it say in the contract who pays for it? Who pays for it is encapsulated in the American Arbitration Association rules, which are incorporated into the contract, and they set forth who pays what. But it says first that the designated arbitrators. . . So first you have no AAA rules, as I understand this. I'm trying to understand the agreement. It says it should be enforceable. It shall be conducted by one arbitrator. And then it talks about if the parties cannot agree on an arbitrator within 20 days of commencement of the arbitration proceeding, each party shall select one, but I don't see who pays for that process. Sure. Before we get to the AAA. May I go get. . . Absolutely. I'm terribly sorry. I know. I'm going to quiz you on your agreement here. It's on page 10 of the agreement. A42 for the courts. At the top, it goes through how you are going to pick a couple of arbitrators. Each one selects one, and then the designated arbitrators independently select. So you have a third. The first round is to select a panel of three, it appears. But it doesn't include the AAA at that time. You're correct, Judge. And when I use the word AAA, I'm referring to the American Arbitration Association. So who pays for that process? It doesn't say. It doesn't say. I would agree it doesn't. Is there anywhere else in the agreement that you know of, other than you get your returning fees, that talks about who's going to pay for the arbitration process? No, Judge. I'm not aware of any other part of the contract. All right. Then, if that isn't done, going to the very next line, if they can't agree on the selection of the third arbitrator, is what I'm assuming this says, the designated arbitrators cannot agree on the selection of the arbitrator. So I'm assuming that's the third one. Within 20 days of their opinion, then the AAA shall select an arbitrator. But it says that the AAA shall select it in accordance with the terms of this agreement and its rules. Whose rules? Its rules. AAA rules? Well, I think you look, Your Honor, if you look at the very next paragraph, the arbitration shall be conducted in accordance with the then existing commercial rules of the American Arbitration Association. But that's only if the AAA, if you can't agree. That's correct. Right? Yes. Okay. As you've read that, yes. And so my response to that would be, I'm not sure how much relevance that inquiry has with what we're doing here. Why not? Well, the issue is whether the enforcement, whether the arbitration clause is valid and enforceable. And this mechanism in this case. But the Newark cases talk about looking to the fairness in this. We've talked about the totality of the circumstances in creating this. And who pays for what? And how is it fair to the individuals who are going to be bound by this? And as I look at this, I don't see any of that in here. And that's why I'm asking you to explain it. Maybe I've missed it because I missed the first substantive issue in Justice Bowie correctly. But I'm asking you as the, you have the burden of proof in this case, right? Well, I, yes. Yes. Judge, what I would submit is. Go ahead. It may be sloppy in its design, but it is not unfair. If we're going to talk about unfairness, there is a process, a procedure to select an arbitrator. And if that doesn't go well, then we're definitely into the American Arbitration Association rules. So it might not be the clearest route, but it is a route. And more importantly. If you're going to enforce arbitration, don't you think you better be clear about it? Don't you think you better be fair about it? I think it's fair and it's clear in as much as it's bargained for. It is clearly and unambiguously contained in an agreement that the plaintiff, by virtue of her well-plaid facts, admitted she had over a month to review. That's the fairness. But also in her facts, she did. She was savvy enough. I don't know what she does for a living, but she was savvy enough to look at that contract and go, wow, this is really against me. And bring it to their attention. And they basically said, you're stuck with it. That's right. Justice Booth is absolutely right. That's just agreement. That's right. Because it cuts in favor of the defendant's position. This person had every opportunity to review the contract, including the arbitration clause. And review it in such a way, in such a savvy way, that she was able to say, I have problems with this contract. So procedural unconscionability has to do with I didn't see it or it was hidden or I didn't have the opportunity. By virtue of her own savviness, as reflected in her well-plaid complaint, she can't now argue procedural unconscionability. Which, by the way, I think we're assuming the circuit court didn't address some procedural unconscionability by omitting it from the order. I think it's just as easy to say that they, the circuit court, looked at that issue and rejected it. Okay. Time up? I do. Go ahead. I'm going to ask you the same question I ask co-counsel, again, at the end of the day. Because I believe you both agree this needs to go back one way or the other. So what is it you're asking that we do with it? Judge, my answer to that is very simple. You have a de novo review. I would ask that you reverse the court's finding that the arbitration clause is substantively unconscionable, find that it is valid, unenforceable, and remand to the circuit court with instructions to compel arbitration in this case.  Thank you, Your Honor. Thank you for your very great arguments. This matter will be taken under advisement and we'll issue an order in due course. Thank you so much for your understanding of our questions.